IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,944-01






EX PARTE JAMES NEWTON WHITEHORN, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F35015 IN THE 18TH DISTRICT COURT


FROM JOHNSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
indecency with a child by contact and one count of aggravated sexual assault of a child. He was
sentenced to concurrent terms of twenty years for each indecency conviction and a concurrent term
of thirty years for the aggravated sexual assault conviction. The Tenth Court of Appeals affirmed the
convictions in an unpublished opinion. James Newton Whitehorn, II v. State, No. 10-02-00263-CR
(Tex. App. - Waco del. Jul. 14, 2004). Applicant's Petition for Discretionary Review was refused.


 Applicant was charged in a single, multi-count indictment. Counts 1 to 4 concern indecency
by contact with one complainant; Count 5 concerns the aggravated sexual assault of a different
complainant. Applicant raises, through habeas counsel, a bare claim of actual innocence regarding
the aggravated sexual assault conviction, a claim trial counsel was ineffective for failing to
investigate and discover the evidence of actual innocence, and a claim of ineffective assistance for
failing to move to sever the indecency counts from the aggravated sexual assault count. The bare
actual innocence claim is based on the complainant's recantation, and the State has provided several
affidavits calling the veracity of the recantation into question. The writ record provided to this Court,
however, does not contain credibility determinations made by the trial court or findings. See Ex parte
Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); Ex parte Franklin, 72 S.W.3d 671, 675
(Tex. Crim. App. 2002), citing Herrera v. Collins, 506 U.S. 390 (1993) and Schlup v. Delo, 513 U.S.
298 (1995).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall conduct a live evidentiary hearing concerning Applicant's actual innocence
claim, and the trial court shall make credibility determinations regarding the veracity of the
recantation and the veracity of the statements calling the recantation into question. 

 It appears Applicant is represented by habeas counsel. If the trial court elects to hold a
hearing, it shall determine whether Applicant continues to be represented by habeas counsel. If
Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make the credibility determinations discussed above and shall make
findings of fact and conclusions of law regarding Applicant's actual innocence claim. The trial court
may also make any other findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 26, 2012

Do not publish